Natsayi Mawere
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
Email: nmawere@reedsmith.com

*Counsel for Defendant Secured Creditor, Wells Fargo Bank, N.A.,*
*as Servicing Agent for U.S. Bank National Association,*
*as Trustee for Banc of America Funding Corporation*
*Mortgage Pass-Through Certificates, Series 2006-F*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

Michael Krichevsky,

      Plaintiff,

    v.

US Bank, NA, Wells Fargo Bank NA
Woods Oviatt Gilman, LLP
Brittany J. Maxon, Esq.
Aleksandra K. Fugate, Esq.
David B. Wildermuth, Esq.
Donald W. O'Brien, Jr., Esq.
Charice Gladden
Frenkel Lambert Weiss
Weisman Gordon, LLP
Elizabeth S. Stong, Esq.

      Defendants.

Civil Docket No. 1:20-cv-02343-RRM

---

**U.S. BANK'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER TO VACATE AND SET ASIDE THE ORDER PURSUANT TO 11 U.S.C. § 362(D) TERMINATING THE <u>AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(A)</u>, DATED JUNE 16, 2020**

Defendant Secured Creditor Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank"), by and through its undersigned attorney,

hereby submits this opposition to Debtor Michael Krichevsky's Motion for an Order to Vacate and Set Aside the Order Pursuant to 11 U.S.C. § 362(D) Terminating the Automatic Stay Imposed by 11 U.S.C. § 362(a), dated June 16, 2020 (the "Motion"). [Doc. No. 2.] In support of the opposition, Wells Fargo states:

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

### A. The Foreclosure Action.

Following Mr. Krichevsky's default on his monthly mortgage payments, U.S. Bank filed an action to foreclose his $747,600 mortgage in the Kings County Clerk's office under index number 506127/2016 on April 18, 2016. *See* Declaration of Natsayi Mawere, dated July 22, 2020 ("Mawere Decl."), Ex. 1. On March 9, 2017, Mr. Krichevsky served an untimely answer (wherein he asserted an affirmative defense of lack of standing). *Id.*, Ex. 2. U.S. Bank rejected Mr. Krichevsky's answer by notice of rejection dated March 17, 2017. *Id.*, Ex. 3.

U.S. Bank moved for summary judgment and an order of reference on May 31, 2017, which Mr. Krichevsky opposed. In an order dated October 12, 2018, the Supreme Court granted U.S. Bank's motion and denied Mr. Krichevsky's cross-motion. *Id.*, Ex. 4. The Supreme Court held Mr. Krichevsky did not establish a reasonable excuse for his delay in serving an answer, and therefore waived the defenses raised in his opposition and cross-motion (which, necessarily includes the affirmative defense of standing). *Id.*

U.S. Bank moved for judgment of foreclosure and sale on January 24, 2019, which U.S. Bank ultimately withdrew by letter, dated June 10, 2019, due to Mr. Krichevsky's recently filed bankruptcy action. *Id.*, Ex. 5.

B.      **The Bankruptcy Action and Appeal.**

To avert the inevitable foreclosure of his property, Mr. Krichevsky filed a chapter 13 bankruptcy petition on June 6, 2019.[1] [1-19-43516-ESS at Doc. No. 1.] U.S. Bank filed its Proof of Claim (Claim 3-1) on August 15, 2019, which U.S. Bank later amended on May 21, 2020 to include a complete copy of the Limited Power of Attorney, which was initially missing from the Schedule A attachment (*see* Claim 3-2).

On March 17, 2020, U.S. Bank moved, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay after Mr. Krichevsky failed to make any monthly mortgage payments since his default on the loan. [1-19-43516-ESS at Doc No. 47.] In response, Mr. Krichevsky cross-moved to strike and dismiss U.S. Bank's "Chapter 11 Proof of Claim" *with* prejudice. [1-19-43516-ESS at Doc. No. 57.] Liberally construing the incomprehensible allegations in Mr. Krichevsky's cross-motion, he appears to claim U.S. Bank lacked standing to foreclose and that his mortgage obligations had somehow been satisfied despite the fact Mr. Krichevsky does not allege, much less evidence, he ever paid off the mortgage debt. [*Id.*] Following a hearing held on June 12, 2020, the Court issued an Order to Vacate and Set Aside the Order Pursuant to 11 U.S.C. § 362(D) Terminating the Automatic Stay Imposed by 11 U.S.C. § 362(a) on June 16, 2020 (the "Termination Order"). [1-19-43516-ESS at Doc. No. 70.] The Termination Order modified the automatic stay to allow U.S. Bank and Mr. Krichevsky "to pursue their rights under applicable law, including their claims and defenses, with respect to the property located at 4221 Atlantic Avenue, Brooklyn, NY 11224." [*Id.*]

---

[1] The chapter 13 was later converted to a chapter 11 case by order dated October 4, 2019. [1-19-43516-ESS at Doc. No. 26.]

Mr. Krichevsky filed a notice of appeal on June 25, 2020. [1-19-43516-ESS at Doc. No. 71.[2]] On July 15, 2020, he then filed the instant Motion seeking to set aside the Termination Order for a myriad of conclusory reasons, which include lack of subject matter jurisdiction, fraud, the Termination Order is void, cannot be applied prospectively, the loan was satisfied, released or discharged, res judicata and/or claim preclusion, judicial estoppel, statute of limitations, failure to join a party under Fed. R. Civ. P. 19, violations of Fed. R. Bankr. P. 9001 and 6009[3], conspiracy and obstruction of justice, and the Court lacks constitutional authority to issue the Termination Order. [Doc. No 2 at 1-2.][4] U.S. Bank now opposes that motion.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 60(b), made applicable under Fed. R. Bankr. P. 9024, upon which Mr. Krichevsky purports to rely on for relief,[5] enumerates several grounds under which a party may be relieved from a judgment or order. More specifically, on "just terms," a court may grant relief from a previous judgment or order for six enumerated reasons, including (i) "mistake,

---

[2] A notice of docketing the appeal was filed on June 26, 2020, which assigned Case Number 1:20-cv-02343-RRM to the appeal and also required the parties to file the designation of items to be included in the record and statement of issues pursuant to Fed. R. Bankr. P. 8009. [1-19-43516-ESS at Doc. No. 75.] Mr. Krichevsky's designation was due to be filed on July 9, 2020. To date, he has not yet filed the designation.
[3] Mr. Krichevsky appears to seek relief under F. R. Bankr. P. 9001 (which sets forth general definitions) and 6009 (related to prosecution and defense of a proceeding by a trustee or debtor without the court's permission), neither of which is relevant to or applicable to this case.
[4] Denial of Mr. Krichevsky's motion, on grounds he previously filed a notice of appeal, may be proper. *See, e.g., Contemporary Mission v. United States Postal Serv.*, 648 F.2d 97, 107-08 (2d Cir. 1981) (holding "the district court properly denied plaintiff's post-judgment motion under Fed. R. Civ. P. 60(b) [because] . . . [t]he filing of the notice of appeal divested the district court of jurisdiction to entertain the motion.").
[5] Mr. Krichevsky's Notice of Motion, titled "Notion of Motion to Set Aside Order Per FRCP Rule 60 and Other Alternative Relief," conclusorily refers to Fed. R. Civ. P. 60 as the basis for his motion. From the relief Mr. Krichevsky seeks, it appears Mr. Krichevsky is moving for relief under each enumerated ground. *See* 1:20-cv-02343-RRM at Doc. No. 2 at 1-2. However, any relief under Fed. R. Civ. 60(b)(5) is inapplicable where: (1) U.S. Bank has *already* established the existence of Mr. Krichevsky's mortgage (and his failure to make payments thereunder), which has not been "satisfied, released, or discharged"; and (2) Mr. Krichevsky has not demonstrated that the Termination Order "is based on an earlier judgment that has been reversed or vacated."

inadvertence, surprise, or excusable neglect;" (ii) discovery of new evidence; (iii) fraud or similar misconduct by a party; (iv) the judgment being void; (v) the judgment being inapplicable for one of several other reasons; or (vi) a catch-all provision of "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b).

Under Fed. R. Civ. P. 60(b)(1), the Court may grant relief on the basis of "mistake, inadvertence, surprise, or excusable neglect." "The purpose of Rule 60(b)(1) is to afford relief to a party from a material mistake that would have changed the outcome of the court's judgment." *In re CIS Corp.*, 2007 Bankr. LEXIS 1938, 2007 WL 1592968, at *4 (Bankr. S.D.N.Y. May 31, 2007) (citing *Fetik v. New York Law School*, 1999 U.S. Dist. LEXIS 9755, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999)). "Rule 60(b) should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" CIS, 2007 Bankr. LEXIS 1938, 2007 WL 1592968, at *4 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

Under Fed. R. Civ. P. 60(b)(2), the Court may grant relief on the grounds of newly discovered evidence only where such evidence could not have been discovered with due diligence. *Meineker v Hoyts Cinemas Corp.*, 325 F. Supp. 2d 157, 160 (N.D.N.Y. 2004). However, to prevail on such a motion, the movant must show: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be *admissible and of such importance that it probably would have changed the outcome*, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (internal citations omitted) (emphasis added).

Under Fed. R. Civ. P. 60(b)(3), a party can be relieved from a final judgment where there is "fraud," which includes fraud upon the Court. *See State St. Bank & Trust Co. v Inversiones*

*Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004).  To prevail, a movant must demonstrate that "the conduct complained of prevented the moving party from fully and fairly presenting his case." *Id.* (internal citations and quotation marks omitted).

A movant may be relieved from a final judgment, under Fed. R. Civ. P. 60(b)(4), where it is "void." "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010).  Where a party seeking relief from a final order can claim no jurisdictional error nor any failure of due process, however, relief under Rule 60(b)(4) is not warranted.  A judgment is therefore not void "simply because it is or may have been erroneous." *Id.* at 270.

"As for relief under Rule 60(b)(6) FRCP, the burden again rests with [movant] to show that 'extraordinary' or 'exceptional' circumstances justify relief." *In re Ballone*, No. 10-20294-PRW, 2015 Bankr. LEXIS 372, at *7 (Bankr. W.D.N.Y. Feb. 5, 2015).  "Rule 60(b)(6) cannot be invoked if the reasons asserted for relief are encompassed in one or more of the first five subsections." *Rupert v. Krautheimer (In re Krautheimer)*, 210 B.R. 37, 42 (Bankr. S.D.N.Y. 1997).

### III. ARGUMENT

**A.    Mr. Krichevsky's Motion Should be Denied.**

As an initial matter, Courts have broad discretion to grant stay relief, and standing is a prerequisite to any motion for relief from the automatic stay. *In re Escobar*, 457 B.R. 229, 235 (Bank. E.D.N.Y. 2011).  Mr. Krichevsky's nonsensical and somewhat incomprehensible "musings," purportedly challenging the Termination Order, appear to *solely* attack the foreclosure

action that U.S. Bank commenced against him in New York State Court. Doc. No. 2 at 16-39. Such claims are improperly before this Court.[6]

Even if Mr. Krichevsky's claims were properly before the Court—which they are not—they fail as a matter of law. Liberally construing his allegations, Mr. Krichevsky appears to contend U.S. Bank lacks standing to foreclose, and relatedly somehow engaged in fraud.

*First,* New York law governs the standing analysis. *Id.* at 241; *see also In re Verna*, No. 14-10821, 2015 Bankr. LEXIS 3012, * 12 (Bankr. N.D.N.Y. 2015). In a New York mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note *at the time the action is commenced. See Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361 (2015) ("[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law. In the current case, the note was transferred to Aurora before the commencement of the foreclosure action—that is what matters."); *Bank of New York Mellon v. Visconti*, 136 A.D.3d 950, 950 (2d Dep't 2016) (same). U.S. Bank need only demonstrate it was in possession of the note *at the commencement* of the foreclosure action. *Taylor*, 25 N.Y.3d at 361; *see also Flagstar Bank, F.S.B. v. Konig*, 153 A.D.3d 790 (2d Dep't 2017).

---

[6] A number of courts in this Circuit have concluded that abstention is appropriate when a federal action seeks to essentially enjoin an ongoing state foreclosure proceeding. These courts found that a state foreclosure action is a "civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts" and abstained from hearing the federal case. *See Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-cv-4210(SJF), 2015 WL 5884797 at *4 (E.D.N.Y. Oct. 8, 2015) (internal citations omitted); *see also Fequiere v. Tribeca Lending*, No. 14-cv-812(RRM), 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by *Younger v. Harris*'") (quoting *Marcelo v. EMC Mortg. Corp.*, No. 10-cv-5964, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)). U.S. Bank filed a foreclosure action against Mr. Krichevsky, which is pending in New York State Court. Mawere Decl., Ex. 1. Since entry of the Termination Order, the foreclosure action is no longer stayed by Mr. Krichevsky's Chapter 11 case. The foreclosure action implicates important state interests in contractual and property rights, such as the validity of U.S. Bank's lien and ability to foreclose on its interest in the mortgaged property. Mr. Krichevsky's claims, which seek to attack the foreclosure action, are more appropriately raised in that action.

In the state court foreclosure action, Mr. Krichevsky unsuccessfully attempted to challenge U.S. Bank's standing to foreclose. Mawere Decl., Ex. 2. In granting U.S. Bank summary judgment and an order of reference, the Supreme Court held Mr. Krichevsky "is in default and thus waived the defenses he raises in opposition to the instant motion." *Id.*, Ex. 4. Accordingly, the Supreme Court has *already* determined that U.S. Bank had standing to foreclose.

Even if the issue of standing to foreclose had not already been resolved in the state court foreclosure action, U.S. Bank established its possession of Mr. Krichevsky's original note by attaching a copy of the original note to the foreclosure complaint. *See* Mawere Decl., Ex. 1; *see also* Doc. No. 61-1 (the original note); *see, e.g., Wells Fargo Bank, N.A. v. Davis*, 181 A.D.3d 890 (2d Dep't 2020) (holding a copy of the note with an undated but signed indorsement conferred standing upon the plaintiff); *Central Mortg. v. Canas*, 173 A,D,3d 967, 968-69 (2d Dep't 2019) ("plaintiff established its standing as the holder of the note at the time the action was commenced by attaching a copy of the note, properly endorsed in blank, to a certificate of merit, which was filed with the verified complaint"); *Cenlar FSB v. Tenenbaum*, 172 A.D.3d 806, 806-07 (2d Dep't 2019) (attaching the note to the complaint "alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced"); *U.S. Bank N.A. v. Wiener*, 171 A.D.3d 1241, 1241-42 (2d Dep't 2019) (same).

Similarly, any purported challenge to the mortgage assignments fails under well-established New York law. *See Taylor*, 25 N.Y.3d at 362 ("The validity of the August 2009 assignment of the mortgage is irrelevant to Aurora's standing" where Aurora established its possession of the note); *Deutsche Bank Nat. Trust Co. v. Spanos*, 102 A.D.3d 909 (2d Dept. 2013); *U.S. Bank N.A. v. Cange*, 96 A.D.3d 825 (2d Dept. 2012); *Bank of N.Y. v. Silverberg*, 86 A.D. 3d 274, 280 (2d Dept. 2011). Furthermore, even if the mortgage assignments were relevant—which

they are not—Mr. Krichevsky lacks standing to challenge them because he is not a party to, nor third-party beneficiary of the purported assignments and likewise lacks standing to challenge any assignment to a trust. *See Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1178 (2d Dept. 2015); *Bank of New York Mellon v. Gales,* 116 A.D.3d 723 (2d Dept. 2014); *Mendel v. Henry Phipps Plaza West Inc.*, 6 N.Y.3d 783, 786 (2006) (the terms of a contract may be enforced only by contracting parties or intended third-party beneficiaries of the contract); *see also Ocampo v. JP Morgan Chase Bank, N.A.*, 2015 WL 1345282 (E.D.N.Y. 2015) (dismissing complaint and holding that borrower lacks standing to challenge assignment of mortgage outside of foreclosure proceeding).

To the extent Mr. Krichevsky seeks to challenge the securitization of the loan, it is equally unavailing. As established in *Rajamin v. Deutsche Bank Nat. Trust Co.*, the "thrust of this claim, however, is still non-compliance with the terms of the PSAs and, for the reasons stated above, it is an argument that Plaintiffs do not have standing to raise." No. 10 CIV. 7531 LTS, 2013 WL 1285160, at *3 (S.D.N.Y. Mar. 28, 2013), *aff'd*, 757 F.3d 79 (2d Cir. 2014) (rejecting argument that bank did not have standing when an assignment occurred after a trust closed); *see also Abubo v. Bank of New York Mellon*, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011) (rejecting argument that an assignment of a mortgage to a trust was invalid because the trust was "closed" and holding noncompliance with terms of a PSA is irrelevant to the validity of the assignment); *Anderson v. Countrywide Home Loans*, No. CIV. 10-2685 MJD/JJG, 2011 WL 1627945, at *4 (D. Minn. Apr. 8, 2011) (rejecting allegations that an assignment to a trust was invalid because the PSA provided that the trust ceased accepting mortgages because "a breach of the PSA's terms is not a cognizable cause of action" and not relevant to the validity of the assignee's interest); *Long v. One W. Bank, FSB*, No. 11 C 703, 2011 WL 3796887, at *4 (N.D. Ill. Aug. 24, 2011) (rejecting

argument that assignment executed after trust was closed in violation of the PSA rendered transaction invalid, reasoning that "it is irrelevant to the validity of the assignment whether or not it complied with the PSA"); *In re Wilson*, 442 B.R. 10, 16 (Bankr. D. Mass. 2010) (finding that even if the "assignment were somehow violative of the PSA, giving rise to unfavorable contractual and other consequences, neither the PSA nor those consequences would render the assignment itself invalid.").

There can be no dispute that U.S. Bank has *already* established its standing in the foreclosure action, where standing to foreclose was already determined in U.S. Bank's favor and *again* with the documents submitted in the Proof of Claim and the motion for relief from the stay.

*Second*, Mr. Krichevsky's contention that he satisfied the mortgage, without any coherent supporting evidence, fails as a matter of law. As shown in U.S. Bank's motion for relief from the stay, as of March 2, 2020, Mr. Krichevsky owed U.S. Bank an estimated $1,132,876.57, and "[i]nterest on the unpaid balance will continue to accrue, and to protect its interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance and related matters." [Doc. No. 47-1 at ¶ 8.] Mr. Krichevsky does not—and cannot—allege he has paid off his loan in full. Indeed, in the state court foreclosure action, in granting U.S. Bank summary judgment and an order of reference, the Supreme Court found that U.S. Bank established a *prima facie* entitlement to foreclosure. Specifically, in a mortgage foreclosure action, a plaintiff establishes its case as a matter of law through the production of the unpaid note, the mortgage, and evidence of the borrower's default. *See Emigrant Mortg. Co. v. Beckerman*, 105 A.D.3d 895 (2d Dep't 2013); *Argent Mortg. Co. v. Mentesana*, 79 A.D.3d 1079, 1080 (2d Dep't 2010). U.S. Bank produced Mr. Krichevsky's $747,600 unpaid note and mortgage and established Mr. Krichevsky's default under the loan documents. *See* Ex. 4. The Supreme Court held that Mr. Krichevsky has

not performed under his note and mortgage in the state court foreclosure action, and, U.S. Bank has also established its secured claim in this bankruptcy action. Mr. Krichevsky's nonsensical contention that U.S. Bank's lien is satisfied clearly fails in light of the documentary evidence. This Court should deny Mr. Krichevsky's motion in its entirety.

### IV. CONCLUSION

For the reasons stated herein, U.S. Bank respectfully requests that this Court enter an Order (i) denying in all respects Mr. Krichevsky's Motion, and (ii) granting any other relief as may be appropriate under the circumstances.

Dated: New York, New York
July 22, 2020

**REED SMITH LLP**

By: /s/ Natsayi Mawere
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
Email: nmawere@reedsmith.com

*Counsel for Defendant Secured Creditor,
Wells Fargo Bank, N.A., as Servicing Agent
for U.S. Bank National Association,
as Trustee for Banc of America Funding
Corporation Mortgage Pass-Through
Certificates, Series 2006-F*