At an IAS Term, Part FRP-1, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 12th day of October 2018.

P R E S E N T:

HON. NOACH DEAR,
                J.S.C.

———————————————————— x

U.S. BANK NATIONAL ASSOCIATION,

                          Plaintiff,

    -against-

MICHAEL KRICHEVSKY, et al.,

                          Defendants.

———————————————————— x

Index No.: 506127/2016

**DECISION AND ORDER**

MS#1 &2

    Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| **Papers** | **Numbered** |
|---|---|
| Moving Papers and Affidavits Annexed | 1 |
| Opposition | 2 |
| Reply | 3 |

    Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

    Plaintiff moves for default judgment and an order of reference. Defendant opposes, raising various arguments, and cross-moves for dismissal.

    "Generally . . . in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default." *Deutsche Bank Natl. Trust Co. v. Brewton*, 142 A.D.3d 683, 684 (2d Dep't 2016) (quoting *Plaza Equities, LLC v. Lamberti*, 118 A.D.3d 688, 689 (2d Dep't 2014)). Plaintiff has done so.

Defendant was served with the summons and complaint on June 16, 2016 via personal service and filed an answer on March 9, 2017. As Defendant's answer was untimely, Plaintiff rejected it by notice dated March 17, 2017. Defendant is in default and thus waived the defenses he raises in opposition to the instant motion.

To vacate his default, Defendant was required to show a reasonable excuse for his delay in serving an answer. *See, e.g.*, *Torres v. Houses R Us, Inc.*, 182 A.D.2d 684, 684 (2d Dep't 1992). Herein, Defendant denies the allegations against him, asserts that he did not waive his defenses, and states that he spoke to Plaintiff's counsel on numerous occasions and was unable to obtain information he requested from her. However, he does not present a reasonable excuse for not timely appearing or answering in this matter. In light of the foregoing, Defendant is deemed in default.

Plaintiff's motion granted (see accompanying order). Defendant's cross-motion denied.

ENTER:

_____
Hon. Noach Dear, J.S.C.

At Part FFI of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center 360 Adams Street, Brooklyn, NY, on this 12th day of October, 2018.

Present: HON NOACH DEAR
          HONORABLE

STATE OF NEW YORK
SUPREME COURT COUNTY OF KINGS

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-F,

                  Plaintiff,

v.

MICHAEL KRICHEVSKY, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, UNITED STATES OF AMERICA BY THE INTERNAL REVENUE SERVICE, CITY OF NEW YORK PARKING VIOLATIONS BUREAU,
 and JOHN DOE,

                  Defendants.

**ORDER OF REFERENCE**

Index No.: 506127/2016

Foreclosure of:
4221 Atlantic Avenue a/k/a 4219-4221 Atlantic Avenue
Brooklyn, NY 11224
Block/Lot#: BLOCK 7026 LOT 53

MS #1

UPON review of the Notice of Motion dated May 31, 2017, the Summons, Complaint and Notice of Pendency filed in this action on April 18 2016 annexed thereto, and upon the Affirmation of Victoria E. Munian, Esq. of Woods Oviatt Gilman LLP counsel for plaintiff, datedMay 23, 2017 from which it appears that this action was brought to foreclose a certain mortgage on real property situated in the County of Kings, State of New York, at 4221 Atlantic Avenue a/k/a 4219-4221 Atlantic Avenue BrooklynNY 11224 (Tax ID: BLOCK 7026 LOT 53) by reason of certain defaults as alleged in the Complaint, and upon the Affidavit of Mahilet Ayalew, who is Vice President of Loan Documentation of U.S. Bank National

{5115360:2}20160296

Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-Fsworn to Angela Gehr on May 11, 2017 and it further appearing that all of the Defendants have been duly served with a copy of the Summons and Complaint or have appeared herein, copies of such affidavits of service being annexed to the motion as Exhibit A and no answer has been interposed by the Defendants though the time so to do has expired; and it appearing that none of the Defendant[s] is an infant, incompetent or absentee, or in the military, and that since the filing of the Notice of Pendency of this action on April 18, 2016 the complaint has not been amended in any manner whatsoever; on the pleadings and papers heretofore filed herein and no one appearing in opposition hereto,

NOW, on the motion of Woods Oviatt Gilman LLP attorneys of record for the Plaintiff, is

ORDERED, that the motion is granted; and it is further

ORDERED, that the plaintiff is hereby awarded a default judgment against all defendants who have not appeared in this action; and it is further

ORDERED, that this action be, and the same is hereby referred to Shmuel Taub, having an office at 1466 60th Street Brooklyn, NY 11219 telephone number 718-633-5378, as Referee to ascertain and compute the amount due to the Plaintiff herein for principal, interest, and other disbursements advanced as provided for by statute and in the Note and Mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises should be sold in parcels, and that the Referee make his/her report no later than sixty (60) days of the date of this order and that, except for good cause shown, the Plaintiff shall move for judgment no later than sixty (60) days of the date of the Referee's report; and it is further

ORDERED, that upon submission of the Referee's Report, Plaintiff shall pay $250.00 to the Referee as compensation for his/her services, which sum may be recouped as a cost of litigation.

{5115360:2 }20160296

ORDERED that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provision of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCCR Part 36), including but not limited to, Section 36.2(e) ("Disqualifications from appointment"), and Section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED, that a default judgment in favor of the Plaintiff be granted as to the claim described in the Plaintiff's Complaint herein; and it is further

ORDERED, that the caption of this action be amended by substituting Jane Doe and Maria Tomkevych in place of "John Doe" and by striking therefrom the remaining Defendants sued herein as "John Doe", all without prejudice to the proceedings heretofore had herein; and it is further

ORDERED, that the caption of this action be and hereby is amended to read as follows:

**[SPACE LEFT INTENTIONALLY BLANK]**

{5115360:2 }20160296

STATE OF NEW YORK
SUPREME COURT          COUNTY OF KINGS

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR BANC OF AMERICA FUNDING CORPORATION
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-F,

         Plaintiff,

    v.

MICHAEL KRICHEVSKY, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
UNITED STATES OF AMERICA BY THE INTERNAL
REVENUE SERVICE, CITY OF NEW YORK PARKING
VIOLATIONS BUREAU, JANE DOE, MARIA
TOMKEVYCH,

         Defendants.

Index No.: 506127/2016

Mortgage Premises:
4221 Atlantic Avenue a/k/a 4219-
4221 Atlantic Avenue
Brooklyn, NY 11224

SBL#: BLOCK 7026 LOT 53

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Justice forthwith; and it is further

ORDERED, that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Dated: 10-12-18

Entered:

              _____
              Justice of the Supreme Court

HON. NOACH DEAR

2018 OCT 25 AM 7:49
KINGS COUNTY CLERK FILED

{5115360:2 }20160296