Natsayi Mawere
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
Email: nmawere@reedsmith.com

*Counsel for Defendant Secured Creditor, Wells Fargo Bank, N.A.,*
*as Servicing Agent for U.S. Bank National Association,*
*as Trustee for Banc of America Funding Corporation*
*Mortgage Pass-Through Certificates, Series 2006-F*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

Michael Krichevsky,

       Plaintiff,

       v.

US Bank, NA, Wells Fargo Bank NA
Woods Oviatt Gilman, LLP
Brittany J. Maxon, Esq.
Aleksandra K. Fugate, Esq.
David B. Wildermuth, Esq.
Donald W. O'Brien, Jr., Esq.
Charice Gladden
Frenkel Lambert Weiss
Weisman Gordon, LLP
Elizabeth S. Stong, Esq.

       Defendants.

Civil Docket No. 1:20-cv-02343-RRM

---

## U.S. BANK'S SUR REPLY BRIEF

    Defendant Secured Creditor Wells Fargo Bank, N.A. as servicing agent for U.S. Bank,[1] by and through its undersigned attorney, hereby submits this sur-reply brief, pursuant to this Court's

---

[1] Unless otherwise noted, terms shall have the same meaning as in U.S. Bank's opposition to Mr. Krichevsky's Motion, dated and filed on July 22, 2020.

January 15, 2021 Scheduling Order. In further support of its opposition, U.S. Bank states:

**PRELIMINARY STATEMENT**

As an initial matter, under Fed. R. Civ. P. 60(b), made applicable herein by Fed. R. Bankr. P. 9024, Mr. Krichevsky is *only* entitled to relief from the Termination Order upon "just terms," requiring him to establish (i) "mistake, inadvertence, surprise, or excusable neglect;" (ii) discovery of new evidence; (iii) fraud or similar misconduct by a party; (iv) the judgment is void; (v) the judgment is inapplicable for one of several other reasons; or (vi) "any other reason that justifies relief" (a catch-all provision). *See* Fed. R. Civ. P. 60(b). In his moving papers, and, again, in his purported "amended" motion, Mr. Krichevksy has failed to establish *any* entitlement to relief.

Liberally construing Mr. Krichevsky's incomprehensible musings, he appears to *again* attack the state court foreclosure action by making bizarre conclusory arguments[2] challenging U.S. Bank's standing and the purported (but entirely unsupported) allegation of having satisfied the underlying mortgage obligation. He also improperly seeks to "name" Wells Fargo Bank, N.A. (and its employee Charice J. Gladden), the Honorable Elizabeth S. Strong, U.S. Bank's co-counsel in the underlying bankruptcy action (Woods Oviatt Gilman, LLP, the firm itself, and, Brittany J. Maxon, Esq., Aleksandra K. Fugate, Esq., David Bruce Wildermuth, Esq. and Donald W. O'Brien, Esq.), Frankel Lambert Weiss Weisman Gordon, LLP (the firm that handled the state foreclosure

---

[2] Mr. Krichevsky amended motion seeks to vacate and set aside the Termination Order on the following grounds: (1) Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; (2) what appears to be Fed. R. Civ. P. 12(b)(3) for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"); (3) the Termination Order is "void [,] . . . applying it prospectively is no longer equitable"; and (4) Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted [,] . . . fraud upon the court by officers of the court [,] . . . the debt has been satisfied, released, or discharged [,] . . . res judicata and/or claim preclusion [,] . . . judicial estoppels [,] . . . statute of limitation run [,] . . . failure to join a party under Rule 19 [,] . . . [v]iolation of Rule 17 . . . Bankruptcy Rules 9001 and 6009 by opposing party, opposing attorneys and judge . . . Rule 9011 [,] . . . [c]ontempt of Court by officers of the Court [,]. . . [c]onspiracy and Obstruction of Justice [,] . . . lack of constitutional authority to issue the order [,] . . . Judge Strong is corrupt career politician and New World Order Agenda 21 political activist and operator camouflaged as US Federal Judge in reason to United States and the people." Doc. No. 10 at 1-2.

action) and the Department of Justice (and relatedly Nazar Khodorovsky, Esq., Rachel Wolf, Esq., and Jeremy Sussman, Esq.) as "parties" to the amended motion/appeal or "defendants."

As detailed below, Mr. Krichevsky's seeming arguments in opposition to stay relief as to issues of standing and mortgage satisfaction, already resolved against him in the state court foreclosure, lack any merit and are not properly before this Court for review. Further, the Court should disregard Mr. Krichevsky's baseless and wholly inappropriate accusations, wherein he seeks to "add" parties to this motion/appeal.

Mr. Krichevsky solely seeks to avert an inevitable state court foreclosure where any foreclosure defense has already been decided against Mr. Krichevsky and his papers are nothing more than misguided attempts to distract the Court from the actual issues at hand. As further discussed in U.S. Bank's opposition and herein, U.S. Bank has established its entitlement to relief from the automatic stay under applicable law, and, accordingly, has shown that the Termination Order is proper. The Court should disregard Mr. Krichevsky's attacks *with* prejudice.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

U.S. Bank provided a detailed procedural history describing the foreclosure action, the bankruptcy action and the within appeal and incorporates that background and procedural history herein. For the ease of the Court, we provide additional relevant facts with respect to the pending appeal, and, the underlying bankruptcy action.

Mr. Krichevksy's filed a chapter 13 bankruptcy petition on June 6, 2019.[3] [1-19-43516-ESS at Doc. No. 1.] U.S. Bank filed its Proof of Claim (Claim 3-1) on August 15, 2019, which it later amended on May 21, 2020 to include a complete copy of the Limited Power of Attorney, which was initially missing from the Schedule A attachment (*see* Claim 3-2). On March 17, 2020,

---

[3] The chapter 13 was later converted to a chapter 11 case by order dated October 4, 2019. [1-19-43516-ESS at Doc. No. 26.]

U.S. Bank moved, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay after Mr. Krichevsky failed to make any monthly mortgage payments since his default on the loan [1-19-43516-ESS at Doc No. 47], and Mr. Krichevsky cross-moved to strike and dismiss U.S. Bank's "Chapter 11 Proof of Claim" *with* prejudice.  [1-19-43516-ESS at Doc. No. 57.]  Following a hearing, the Court issued the Termination Order, which, in relevant part, modified the automatic stay to allow U.S. Bank and Mr. Krichevsky "to pursue their rights under applicable law, including their claims and defenses, with respect to the property located at 4221 Atlantic Avenue, Brooklyn, NY 11224." [1-19-43516-ESS at Doc. No. 70.]  Following an August 13, 2020 hearing, the Court permitted Mr. Krichevsky to amend his cross-motion.  Pursuant to the associated briefing schedule, Mr. Krichevsky then filed an amended motion in the bankruptcy action on October 16, 2020, *again*, seeking a myriad of conclusory relief [1-19-43516-ESS at Doc. No. 87; *see also* Doc. Nos. 88-89], which U.S. Bank opposed on November 13, 2020 [Doc. Nos. 90-92.]  Following Mr. Krichevsky's request for an adjournment of the motions on grounds he seeks "recusal" of Judge Strong, the hearing on the motions was further adjourned until February 12, 2021.  [Doc. No. 97.]

Mr. Krichevsky filed a notice of appeal on June 26, 2020.  [1-19-43516-ESS at Doc. No. 71.[4]]  On July 15, 2020, he then filed a Motion seeking to set aside the Termination Order for a myriad of conclusory reasons [Doc. No 2 at 1-2], which U.S. Bank opposed [Doc. Nos. 4-5.]  After Mr. Krichevsky failed to timely perfect his appeal, pursuant to the Court's November 23, 2020 Scheduling Order, Mr. Krichevsky's Motion was deemed his appellant's brief, and, U.S. Bank's opposition to the Motion its appellee's responsive brief.  On December 13, 2020, Mr. Krichevsky

---

[4] A notice of docketing the appeal was filed on June 26, 2020, which assigned Case Number 1:20-cv-02343-RRM to the appeal and also required the parties to file the designation of items to be included in the record and statement of issues pursuant to Fed. R. Bankr. P. 8009.  [1-19-43516-ESS at Doc. No. 75.]  Mr. Krichevsky's designation was due to be filed on July 9, 2020, and, to-date, Mr. Krichevsky has failed to comply with the Court's directive.

- 4 -

requested additional time to submit a reply brief [Doc. No. 9], which the Court granted in a Scheduling Order dated December 16, 2020.  In lieu of serving a reply brief on January 13, 2021 (as required by the Court's Scheduling Order), Mr. Krichevsky, instead, filed an amended motion seeking to set aside the Termination Order on January 8, 2021 [Doc. No. 10], along with a "Statement of the Issues for Review." [Doc. No. 11.]  Pursuant to the Court's January 15, 2021 Scheduling Order, the Court treated Mr. Krichevsky's January 8, 2021 "amended motion" as his reply brief on his appeal and granted U.S. Bank leave to file this sur reply.

U.S. Bank now submits this sur reply.

## ARGUMENT

There can be no dispute that courts have broad discretion to grant stay relief, and standing is a prerequisite to any motion for relief from the automatic stay.  *In re Escobar*, 457 B.R. 229, 235 (Bank. E.D.N.Y. 2011).  Like the underlying Motion, Mr. Krichevsky's "amended" motion/appeal *solely* attacks the foreclosure action that U.S. Bank filed against him in New York State Court and issues already necessarily resolved therein.  *See generally* Doc. No. 10-1.  Such arguments are not properly before this Court, and, affirming the Termination Order to permit the parties to proceed in state court is proper.[5]

---

[5] A number of courts in this Circuit have concluded that abstention is appropriate when a federal action seeks to essentially enjoin an ongoing state foreclosure proceeding.  These courts found that a state foreclosure action is a "civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts" and abstained from hearing the federal case.  *See Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-cv-4210(SJF), 2015 WL 5884797 at *4 (E.D.N.Y. Oct. 8, 2015) (internal citations omitted); *see also Fequiere v. Tribeca Lending*, No. 14-cv-812(RRM), 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by *Younger v. Harris*'") (quoting *Marcelo v. EMC Mortg. Corp.*, No. 10-cv-5964, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)).  U.S. Bank filed a foreclosure action against Mr. Krichevsky, which is pending in New York State Court.  Doc. No. 5-1.  Since entry of the Termination Order, the foreclosure action is no longer stayed by Mr. Krichevsky's Chapter 11 case.  The foreclosure action implicates important state interests in contractual and property rights, such as the validity of U.S. Bank's lien and ability to foreclose on its interest in the mortgaged property.  Mr. Krichevsky's claims, which attack the foreclosure action, are more appropriately raised in that action.

Even if Mr. Krichevsky's claims were properly before the Court—which they are not—they still fail as a matter of law. Liberally construing his allegations, he continues to allege U.S. Bank lacks standing to foreclose, and relatedly somehow engaged in "fraud."

*First,* New York law governs the standing analysis. *Id.* at 241; *see also In re Verna*, No. 14-10821, 2015 Bankr. LEXIS 3012, * 12 (Bankr. N.D.N.Y. 2015). In a New York mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note *at the time the action is commenced.* *See Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361 (2015) ("[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law. In the current case, the note was transferred to Aurora before the commencement of the foreclosure action—that is what matters."); *Bank of New York Mellon v. Visconti*, 136 A.D.3d 950, 950 (2d Dep't 2016) (same). U.S. Bank need only demonstrate it was in possession of the note *at the commencement* of the foreclosure action. *Taylor*, 25 N.Y.3d at 361; *see also Flagstar Bank, F.S.B. v. Konig*, 153 A.D.3d 790 (2d Dep't 2017).

In the state court foreclosure action, Mr. Krichevsky challenged U.S. Bank's standing to foreclose in his answer [Doc. No. 5-2], which U.S. Bank rejected as untimely. [Doc. No. 5-3.] In granting U.S. Bank summary judgment and an order of reference, the Supreme Court held, in relevant part, that Mr. Krichevsky "is in default and thus waived the defenses he raises in opposition to the instant motion." [Doc. No. 5-4.] Further, the original note, indorsed in blank, was attached to the foreclosure complaint [Doc. No. 5-1], which, *standing alone*, is evidence of U.S. Bank's possession under New York law, regardless of Mr. Krichevsky's default in timely answering. *See, e.g., Wells Fargo Bank, N.A. v. Davis*, 181 A.D.3d 890 (2d Dep't 2020) (holding a copy of the note with an undated but signed indorsement, which was attached to the complaint, conferred standing upon the plaintiff); *Central Mortg. v. Canas*, 173 A,D,3d 967, 968-69 (2d Dep't

2019) ("plaintiff established its standing as the holder of the note at the time the action was commenced by attaching a copy of the note, properly endorsed in blank, to a certificate of merit, which was filed with the verified complaint"). Accordingly, the Supreme Court has *already* determined that U.S. Bank had standing to foreclose, consistent with well-settled New York law.

In this bankruptcy proceeding, U.S. Bank attached the original note, indorsed in blank, to its Proof of Claim, and its motion for relief from the automatic stay. This, *again*, evidences U.S. Bank's standing to foreclose. Mr. Krichevsky's purported challenges to the *mortgage assignments* are irrelevant where U.S. Bank has established its possession of the original *note*. *See Taylor*, 25 N.Y.3d at 362 ("The validity of the August 2009 assignment of the mortgage is irrelevant to Aurora's standing" where Aurora established its possession of the note). Even if the mortgage assignments were relevant—which they are not—Mr. Krichevsky lacks standing to challenge them because he is not a party to, nor third-party beneficiary of the purported assignments and likewise lacks standing to challenge any assignment to a trust. *See Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1178 (2d Dept. 2015); *see also Ocampo v. JP Morgan Chase Bank, N.A.*, 2015 WL 1345282 (E.D.N.Y. 2015) (dismissing complaint and holding that borrower lacks standing to challenge assignment of mortgage outside of foreclosure proceeding).

Further, to the extent Mr. Krichevsky seeks to challenge the securitization of the loan, it is equally unavailing. As established in *Rajamin v. Deutsche Bank Nat. Trust Co.*, the "thrust of this claim, however, is still non-compliance with the terms of the PSAs and, for the reasons stated above, it is an argument that Plaintiffs do not have standing to raise." No. 10 CIV. 7531 LTS, 2013 WL 1285160, at *3 (S.D.N.Y. Mar. 28, 2013), *aff'd*, 757 F.3d 79 (2d Cir. 2014) (rejecting argument that bank did not have standing when an assignment occurred after a trust closed); *see also Abubo v. Bank of New York Mellon*, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011)

(rejecting argument that an assignment of a mortgage to a trust was invalid because the trust was "closed" and holding noncompliance with terms of a PSA is irrelevant to the validity of the assignment); *Anderson v. Countrywide Home Loans*, No. CIV. 10-2685 MJD/JJG, 2011 WL 1627945, at *4 (D. Minn. Apr. 8, 2011) (rejecting allegations that an assignment to a trust was invalid because the PSA provided that the trust ceased accepting mortgages because "a breach of the PSA's terms is not a cognizable cause of action" and not relevant to the validity of the assignee's interest); *Long v. One W. Bank, FSB*, No. 11 C 703, 2011 WL 3796887, at *4 (N.D. Ill. Aug. 24, 2011) (rejecting argument that assignment executed after trust was closed in violation of the PSA rendered transaction invalid, reasoning that "it is irrelevant to the validity of the assignment whether or not it complied with the PSA"); *In re Wilson*, 442 B.R. 10, 16 (Bankr. D. Mass. 2010) (finding that even if the "assignment were somehow violative of the PSA, giving rise to unfavorable contractual and other consequences, neither the PSA nor those consequences would render the assignment itself invalid.").

There can be no dispute that U.S. Bank has *already* established its standing in the state court foreclosure action, where standing to foreclose was already determined in U.S. Bank's favor and *again* with the documents submitted in the Proof of Claim and the motion for relief from the stay.

*Second*, Mr. Krichevsky's apparent argument against a stay based on his contention that he satisfied the mortgage, without any coherent supporting evidence, *again*, fails as a matter of law. As shown in U.S. Bank's motion for relief from the stay, as of March 2, 2020, Mr. Krichevsky owed U.S. Bank an estimated $1,132,876.57, and "[i]nterest on the unpaid balance will continue to accrue, and to protect its interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance and related matters." [1-19-43516-ESS at

Doc. No. 47-1 at ¶ 8.] Notably, Mr. Krichevsky does not—and cannot—allege he has paid off his loan in full. Indeed, in the state court foreclosure action, in granting U.S. Bank summary judgment and an order of reference, the Supreme Court found that U.S. Bank established a *prima facie* entitlement to foreclosure. Specifically, in a mortgage foreclosure action, a plaintiff establishes its case as a matter of law through the production of the unpaid note, the mortgage, and evidence of the borrower's default. *See Emigrant Mortg. Co. v. Beckerman*, 105 A.D.3d 895 (2d Dep't 2013); *Argent Mortg. Co. v. Mentesana*, 79 A.D.3d 1079, 1080 (2d Dep't 2010). U.S. Bank produced Mr. Krichevsky's $747,600 unpaid note and mortgage and established Mr. Krichevsky's default under the loan documents. [Doc. No. 5-4.] The Supreme Court held that Mr. Krichevsky has not performed under his note and mortgage in the state court foreclosure action, and, U.S. Bank has also established its secured claim in this bankruptcy action. Mr. Krichevsky's nonsensical contentions that U.S. Bank's lien is somehow satisfied—based on an "inactive" MIN number (which, he allegedly obtained from Mortgage Electronic Registration Systems, Inc.'s website) and what appears to be an unverified screen shot of a conversation with "Sergio V" who states that "when it's showing inactively, *typically* it means that it has been paid off" (emphasis added) (Opp. at 51-52)—clearly fails.

Mr. Krichevsky does not—and cannot—dispute that he executed the note and mortgage (and relatedly received the loan proceeds), and, that U.S. Bank is the proper party entitled to enforce those loan documents. U.S. Bank provided the necessary evidentiary and legal support of its Proof of Claim and standing to foreclose on Mr. Krichevsky's mortgage loan has already been necessarily resolved in the state court foreclosure action. Accordingly, as the two seeming coherent arguments Mr. Krichevsky seemingly makes for reversing the Termination Order granting stay relief—lack of standing and "satisfaction" of the mortgage debt—were already

decided against him and clearly correctly decided, this Court should affirm the Termination Order.

## CONCLUSION

For the reasons stated herein, U.S. Bank respectfully requests that this Court affirm the Termination Order, and, grant such other relief as may be appropriate under the circumstances.

Dated:  New York, New York
        January 29, 2021

                                                      **REED SMITH LLP**

                                        By:    /s/ Natsayi Mawere
                                                      599 Lexington Avenue
                                                      New York, New York 10022
                                                      Telephone:  (212) 251-5400
                                                      Facsimile:  (212) 521-5450
                                                      Email: nmawere@reedsmith.com

                                                      *Counsel for Defendant Secured Creditor,*
                                                      *Wells Fargo Bank, N.A., as Servicing Agent*
                                                      *for U.S. Bank National Association,*
                                                      *as Trustee for Banc of America Funding*
                                                      *Corporation Mortgage Pass-Through*
                                                      *Certificates, Series 2006-F*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 29, 2021 the foregoing **U.S. Bank's Sur Reply Brief** was filed with the Clerk of the Court through this Court's CM/ECF electronic filing system and served in accordance with the Federal Rules of Civil Procedure, and/or the rules of the Eastern District of New York.

**Party Served by First Class Mail:**

Michael Krichevsky
4221 Atlantic Avenue
Brooklyn, NY 11224

                /s/ Natsayi Mawere
                 Natsayi Mawere